STUBBE BROS., INC., recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

No. 750.—*Sometido:* Marzo 6, 1929. *Resuelto:* Abril 24, 1929.

*Enrique Rincón,* abogado del recurrente; el registrador ·recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión· del tribunal.

En un pleito iniciado por Stubbe Bros, fueron embargadas ciertas plantaciones de cañas y el remanente que pudiera corresponder a su demandado en una plantación de cañas afecta a un contrato de refacción agrícola. Presentado mandamiento en el registro de la propiedad para que en él fuese anotado ese embargo fué negada su anotación el 8 de septiembre de 1928, cuya negativa fué notificada al interesado el 24 de noviembre del mismo año. No interpuso recurso contra esa negativa y pasados los veinte días que fija la ley para establecerlo fué presentado por segunda vez el mismo documento, sin otros, en dicho Registro para su anotación, siendo nuevamente negada el 5 de enero de 1929 y después de su notificación fué interpuesto este recurso gubernativo.

Habiendo sido consentida la primera negativa de anotación no podemos resolver la segunda, que es una reiteración de la primera, según hemos resuelto en los casos de *Barreras* v. *El Registrador,* 15 D.P.R. 856; *Behn* v. *El Registrador,* 21 D.P.R. 513; *Córdova* v. *El Registrador,* 22 D.P.R. 412, y *El Pueblo* v. *El Registrador,* 22 D.P.R. 803.

Cuando se solicitó por segunda vez la anotación del embargo en el registro de la propiedad se pidió también que fuese anotado en el registro de refacciones agrícolas a su cargo, lo que negó el registrador fundándose én que la anotación del embargo debe hacerse en el registro de la propiedad y no en el de contratos agrícolas. Esta negativa es asimismo objeto de este recurso.

En cuanto a ella citan los recurrentes como infringidas las secciones 8, 10 y la 14 en sus incisos primero y segundo de la ley de 10 de marzo de 1910, enmendada en 1911 y 1925, sobre préstamos agrícolas.

Esta ley no ha sido infringida por el registrador porque ni en las secciones citadas por los recurrentes ni en las otras se dispone que sean anotados en el registro de contratos agrícolas creado por dicha ley los embargos que se hagan en plantaciones de cañas; ni el objeto de ella es para anotar esos embargos sino para la anotación de los contratos agrícolas de refacción y de molienda de cañas que celebren los agricultores.

Dicen los recurrentes que su embargo es anotable en el registro de contratos agrícolas en cuanto al remanente que pueda corresponder a su demandado en una plantación de cañas que tiene afecta a un contrato de refacción porque el inciso segundo de la sección 14 de la ley de contratos agrícolas dispone que serán aplicables a ella los preceptos de la Ley Hipotecaria en cuanto no se opongan a la misma, y porque según el No. 2º del artículo 42 de la Ley Hipotecaria podrán pedir anotación preventiva de sus respectivos derechos en el registro público correspondiente los que con arreglo a derecho obtuvieren a su favor mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor.

Al decir la Ley Hipotecaria que los embargos pueden ser anotados en los registros públicos correspondientes se refiere a los registros de la propiedad donde corresponda hacer la anotación puesto que para tales registros fué hecha esa ley y no para otros registros, y mucho menos para registros que entonces ni existían, como el de contratos agrícolas, y porque la misma ley se refiere a embargos hechos en bienes raíces del deudor, por lo que de tal precepto no puede surgir el derecho que alegan tener los recurrentes para que su embargo sea anotado en el registro de contratos agrícolas.

El recurso contra la primera nota denegatoria de anotación de 5 de enero de 1929 *debe ser desestimado y la otra*

*nota negando la anotación* en el registro de contratos agrícolas *debe ser confirmada.*

El Juez Presidente Sr. del Toro no intervino.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF

Si bien mi disentimiento no aparece en todos los casos citados en la opinión que antecede, sí consta en varios de ellos. No recuerdo por qué no aparece la disención en todos esos casos. Nunca he quedado convencido de que al no interponer recurso gubernativo, la persona que desea inscribir un documento consienta el estado del registro. No hay *res adjudicata,* toda vez que no se han determinado los derechos en un caso o controversia. Si la persona que se proponía inscribir el documento no apeló de la nota anterior, al presentar el documento nuevamente y pagar los sellos correspondientes al Gobierno, debiera tener derecho a que esta corte revise el caso, o aun a que se haga la inscripción por haber revocado este tribunal un caso similar o por haber el registrador cambiado de criterio. No debiera ser necesario presentar un procedimiento ante una corte si la cuestión puede ser resuelta administrativamente.